DJW/bh

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**SHELBY MOSES,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**No. 05-2488-KHV-DJW**

**CHRIS HALSTEAD,**

**Defendant,**

**ALLSTATE INSURANCE COMPANY,
by and through State of Kansas
Department of Insurance,**

**Garnishee.**

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Transfer Venue (doc. 4) filed by Garnishee Allstate

Insurance Company ("Allstate").  Allstate requests that the Court transfer this case to the Western District

of Missouri pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the Court will deny the

motion.

**I.      Background Information**

This case involves a single-vehicle accident that occurred in Buchanan County, Missouri, on

November 22, 1996.  Plaintiff was a passenger in the vehicle, which was driven by Defendant Chris

Halstead.  Plaintiff was covered by a Kansas policy for liability or uninsured motorist benefits issued by

Allstate.

Plaintiff filed a lawsuit against Defendant in the Circuit Court of Buchanan County, Missouri, after Allstate denied Plaintiff's policy limits demand. The jury awarded Plaintiff $100,000 in actual damages for injuries he suffered in the accident. Allstate then tendered the policy limits of $25,000 to Plaintiff in partial satisfaction of the verdict.

Plaintiff registered his judgment in the District Court of Atchison County, Kansas. Plaintiff requested an Order of Garnishment, listing Allstate as the garnishee. Allstate removed the action to this Court on November 18, 2005. In his action, Plaintiff seeks damages from Allstate, alleging breach of contractual and fiduciary duties due to Allstate's failure to settle and failure to diligently investigate the facts of the accident in connection with its decision to not settle the claim for the policy limits.

II.     **Applicable Law**

The decision whether to transfer an action to another district lies within the sound discretion of the district court.[1] Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] Section 1404(a) is a "federal housekeeping measure, allowing easy change of venue within a unified federal system."[3]

---

[1]*Schecher v. Purdue Pharma L.P*., 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[2]28 U.S.C. § 1404(a).

[3]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

The party seeking transfer bears the burden of establishing that the case should be transferred.[4] A court should deny a request for transfer if the result is that the burden of an inconvenient venue would merely shift from one party to another.[5] The convenience and fairness of the existing forum compared to that of the proposed forum must be analyzed on a case-by-case basis.[6] Under the two-pronged standard for section 1404(a) motions, a case should be transferred if: (1) the proposed transferee district is one in which the action might have originally been brought; and (2) the transfer will be more convenient to the parties and witnesses and will promote the interest of justice.[7]

In deciding whether the second prong of this standard has been satisfied, the court should consider the following factors: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and other considerations of a practical nature that make a trial easy, expeditious and

---

[4]*Schecher*, 317 F. Supp. 2d at 1261.

[5]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

[6]*Chrysler Credit Corp.*, 928 F.2d at 1516.

[7]*Schecher*, 317 F. Supp. 2d at 1260-61.

economical.[8]  Only when the balance of factors strongly favors the movant should the plaintiff's choice of forum be disturbed.[9]

### III.     The Parties' Arguments

Allstate urges the Court to transfer this case to the Western District of Missouri.  It asserts that the case could have been brought initially in the Western District of Missouri and argues that transferring the case would be more convenient for the parties and witnesses and would promote the interest of justice. Allstate contends that the facts giving rise to this lawsuit, i.e., the vehicle accident and Allstate's alleged failure to settle, occurred in Missouri, and that the only significant connection to Plaintiff's chosen forum is that Plaintiff is a Kansas resident.  According to Allstate, because the accident and failure to settle occurred in Missouri, most of the witnesses would reside in Missouri and would be subject to the Court's subpoena powers, or they would be parties to the action.

In addition, Allstate argues that the interest of justice favors transfer because if the case remains in case, under Kansas conflict of law rules, the Kansas court would be required to apply Missouri law. Allstate explains that Kansas courts have held that the law of the state where the performance of the insurance company's duty to defend would have taken place governs the determination of the existence of the duty.[10]  According to Allstate, the law of Missouri would be applied because Allstate had a duty to

---

[8]*Chrysler Credit Corp.*, 928 F.2d at 1516.

[9]*Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992) (a plaintiff's forum choice "should rarely be disturbed.").

[10]*See* Allstate's Mem. in Support of Mot. to Transfer Venue (doc. 5) at p. 4 citing *Aselco, Inc. v. Hartford Ins. Group*, 28 Kan. App. 2d 839, 21 P.3d 1011, 1018 (Kan. App. 2001)).

defend the lawsuit in Missouri.  It is, according to Allstate, in the interest of justice to have a Missouri court apply the law of Missouri to this case.

Plaintiff does not dispute that the case initially could have been filed in the Western District of Missouri.  Plaintiff, however, argues that transfer would not be more convenient for the parties and witnesses nor would it serve the interest of justice.  Plaintiff asserts that this case has the following substantial ties to Kansas:  (1) both Plaintiff and Defendant Chris Halstead are Kansas residents; (2) Plaintiff suffered a financial injury in Kansas; (3) Plaintiff's insurance policy was purchased in Kansas from Allstate, who does business in Kansas; (4) Plaintiff made his policy limits demand in Kansas; and (5) the policy limits demand was rejected by an Allstate claims analyst in Kansas.

Furthermore, Plaintiff disputes Allstate's characterization of this case as a duty to defend case. Plaintiff contends that this case arises out of Allstate's duty to diligently investigate the accident and Allstate's subsequent rejection of Plaintiff's policy limits demand.  Plaintiff contends that Kansas law governs his claim, which, under Kansas law would be construed as a breach of contract claim.  Plaintiff relies on *Smith v. Hawkeye-Security Insurance Company*,[11] in which this Court ruled that Kansas law governed an insured's breach of contract claim against his insurer—even though the accident giving rise to the claims occurred in another state—because the insurance contract was made in Kansas.[12]  Plaintiff contends that under *Smith*, the Court in this case should apply Kansas law, as the insurance contract between Plaintiff and Allstate was made in Kansas.  Thus, according to Plaintiff, it is in the interest of justice

---

[11]842 F. Supp. 1373 (D. Kan. 1994).

[12]*Id*. at 1375-76.

that the case remain in Kansas, where the United States District Court for the District of Kansas court will

apply Kansas law.

**IV.     Analysis**

The Court does not find that Allstate has met its burden to show that a transfer of venue is justified

under the facts of this case.  Allstate has not demonstrated that the potential costs and inconvenience to it

of litigating this matter in Kansas significantly outweigh the corresponding costs and inconvenience to

Plaintiff of litigating the matter in Missouri.  A transfer of this case would most likely merely shift any

inconvenience to Plaintiff.  Although Allstate contends in its reply brief that Defendant Chris Halstead is a

Missouri resident and not a Kansas resident as Plaintiff asserts, the Court finds that Halstead's residency

is not a crucial factor in the transfer decision.

Also, the Court does not find that Allstate has established that transfer would be in the interest of

justice.  It appears that conflict of law issues will arise regardless of whether the case is tried in Kansas or

the Western District of Missouri.  Moreover, the Court does not necessarily agree with Allstate's assertion

that if the case remains in Kansas this Court would apply Missouri law.  As Plaintiff points out, this is not

a duty to defend case that would require the application of Missouri law.  Rather, it appears to be an action

based on Allstate's alleged failure to diligently investigate the claim and Allstate's alleged wrongful refusal

to settle the case for the policy limits.  It thus appears, at least on the record presently before the Court,

that under the reasoning of *Smith v. Hawkeye-Security Insurance Company*,[13] the District Judge would

probably apply Kansas law.  Furthermore, the Court finds that it would be in the interest of justice for a

---

[13]842 F. Supp. 1373 (D. Kan. 1994).

federal court sitting in Kansas to determine questions of Kansas law.[14]  This factor weighs in favor of retaining the case in Kansas.

Based on the above, the Court concludes that the facts presented and the balance of factors do not favor transfer. Allstate simply has not persuaded this Court that it should disturb Plaintiff's legitimate choice of forum.  The Court will therefore deny Allstate's Motion to Transfer Venue.

**IT IS THEREFORE ORDERED** that Garnishee Allstate Insurance Company's Motion to Transfer Venue (doc. 4) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 16th day of March 2006.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[14]*See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (one factor the court should consider is the "advantage of having a local court determine questions of local law").