DJW/bh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHELBY MOSES,**

              **Plaintiff and Garnishor,**

                                            **CIVIL ACTION**

**v.**

                                            **No. 05-2488-KHV-DJW**

**CHRIS HALSTEAD,**

              **Defendant,**

**ALLSTATE INSURANCE COMPANY,**
**by and through State of Kansas**
**Department of Insurance,**

              **Garnishee.**

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Plaintiff's Motion to Compel Discovery (doc. 25).  For the reasons set forth below, the Motion will be denied in part and granted in part.

**I.**      **Background Information**

This case involves a single-vehicle accident that occurred in Buchanan County, Missouri, on November 22, 1996.  Plaintiff was a passenger in the vehicle, which was driven by Defendant Chris Halstead ("Halstead").  Plaintiff was covered by a Kansas policy for liability for uninsured motorist benefits issued by Allstate Insurance Company ("Allstate").  Plaintiff suffered bodily injuries and incurred medical expenses as a result of the automobile accident.

On November 17, 1997, Plaintiff, through her attorney, wrote to Allstate, offering to settle all of her claims against Halstead for $25,000, which was the applicable policy limits of the liability policy issued by Allstate.  On or about November 20, 1997, Allstate rejected Plaintiff's demand.

Thereafter, Plaintiff filed a lawsuit against Halstead in the Circuit Court of Buchanan County, Missouri. The jury awarded Plaintiff $100,000 in actual damages for injuries she suffered in the accident. Although Allstate had earlier rejected Plaintiff's request to settle for the policy limits, after the judgment was entered, Allstate tendered the policy limits of $25,000 to Plaintiff in partial satisfaction of the judgment.

Plaintiff registered her judgment in the District Court of Atchison County, Kansas. She requested an Order of Garnishment, listing Allstate as the garnishee. Allstate removed the action to this Court on November 18, 2005.

In this action, Plaintiff seeks damages from Allstate, alleging breach of contractual and fiduciary duties based on Allstate's failure to settle the claim for the policy limits on November 1997 and its alleged failure to diligently investigate the facts of the accident in connection with its November 1997 decision not to settle for the policy limits. Plaintiff claims that Allstate wrongfully, negligently, and in bad faith refused to accept Plaintiff's November 1997 offer to settle for the policy limits.

Plaintiff served interrogatories, requests for production, and requests for admissions on Allstate. Allstate responded, asserting various objections. Plaintiff now moves the Court for an Order compelling Allstate to fully respond to her written discovery requests.

## II.    Discussion

### A.    Interrogatories

#### 1.    Interrogatory No. 1

This interrogatory asks Allstate to identify the persons "who were involved in the decision to not pay policy limits with Plaintiff's first demand, and later decided to offer Plaintiff policy

limits" and to provide their addresses and telephone numbers.  Allstate objected on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and the information requested is not material to any issue in dispute.

Plaintiff asserts that this interrogatory does seek relevant information because one of the factors that may be used to prove an insurer's bad faith is the failure of the insurer to properly investigate the circumstances so as to determine the evidence that exists against the insured. Plaintiff contends that this interrogatory will lead to the discovery of information regarding the persons responsible for undertaking Allstate's investigation and making the November 1997 decision to not pay the policy limits.

In its brief opposing the Motion to Compel, Allstate states:  "There is no objection to the first part of the Interrogatory.  In fact, the file has been produced.  [However,] [a]nything that occurred after November 20, 1997 is simply not reasonably calculated to lead to the discovery of admissible evidence."[1]   In other words, Allstate objects to identifying the individuals who, after the judgment was entered, decided to offer Plaintiff the policy limits.  According to Allstate, the only material issues in this case relate to the decision to not settle for the policy limits on November 20, 1997, and, therefore, any information for the time period following that date, including its later decision to offer the policy limits, is irrelevant.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably

---

[1]Allstate's Resp. to Mot. to Compel (doc. 29) at p.2.

calculated to lead to the discovery of admissible evidence."[2]  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[4]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[5]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[6]

Clearly, this interrogatory is, on its face, relevant as it applies to Allstate's initial decision not to settle for the policy limits on November 20, 1997, and Allstate concedes that it is relevant. The Court also finds that the interrogatory is relevant on its face as it pertains to Allstate's later decision to pay the policy limits.  The Court finds that Plaintiff is entitled to learn the identities of

---

[2]Fed. R. Civ. P. 26(b)(1).

[3]*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 615 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[4]*Cardenas,* 230 F.R.D. at 615*, Owens*, 221 F.R.D. at 652; *Sheldon*, 204 F.R.D. at 690.

[5]*Cardenas,* 230 F.R.D. at 615-16; *Owens*, 221 F.R.D. at 652; *Gen. Elec. Capital Corp. v. Lear Corp*., 215 F.R.D. 637, 640 (D. Kan. 2003).

[6]*Cardenas,* 230 F.R.D. at 616; *Owens*, 221 F.R.D. at 652; *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

the individuals who made the later decision to pay, as such information may lead to the discovery of admissible evidence regarding the reasons Allstate changed its mind and decided to pay the policy limits.   For example, Plaintiff may learn that the individuals responsible for making the later decision conducted an investigation into the facts of the automobile accident.  If a more thorough investigation was conducted, it might show that the initial investigation which led to Allstate's November 20, 1997 decision not to pay the policy limits was inadequate.  As Plaintiff points out, the adequacy of the insurer's investigation is a factor that may be considered in determining whether the insurer acted in good faith.[7]

In light of the above, the Court will grant the Motion to Compel with respect to Interrogatory No. 1.  Allstate shall serve an amended response to this interrogatory within **twenty (20) days** of the date of filing of this Order.

### 2.   *Interrogatory No. 2*

Interrogatory No. 2 asks Allstate to identify "all persons believed or known by you who has [sic] or claims to have knowledge concerning any of the issues raised by the pleadings, include in your answer the subject matter about which each such person has knowledge."

Allstate objected on the basis that the interrogatory is overly broad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Allstate stated that "'knowledge concerning issues', is simply not reasonable discovery."  In its response to

---

[7]*See Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* 343 F. Supp. 2d 989,1011 (D. Kan. 2004) (citing *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 261 Kan. 806, 846, 934 P.2d 65, 90 (1997) (court may consider "the insurer's diligence and thoroughness in investigating the fact*s* specifically pertinent to coverage" in determining bad faith of insurer in denying claim).

the Motion to Compel, Allstate reasserts its relevance and overbreadth objections.  Allstate, however, does not reassert its burdensome objection.  The Court therefore deems that objection to be abandoned.[8]

Turning to Allstate's overbreadth objection, the Court agrees that the interrogatory is overbroad on its face.  The interrogatory asks Allstate to identify all individuals who have or claim to have knowledge "concerning any of the issues raised in the pleadings."  The use of the terms "concerning" with respect to the broad term "any of the issues raised in the pleadings" renders this interrogatory facially overbroad.

On numerous occasions this Court has held that a request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as "relating to" or "concern-ing," and (2) applies to a general category or group of documents or a broad range of information.[9]  Here, the term "concerning" modifies an enormous amount of information, i.e., all issues raised in the pleadings.  The Court therefore finds Allstate's overbreadth objection to be valid.

Despite the overly broad nature of an interrogatory, a party typically has a duty to respond to it to the extent the interrogatory is not objectionable and can be narrowed to an appropriate scope.[10]  This rule does not apply, however, and the Court will not compel further response, when

---

[8]When ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel.  *Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005).  Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.  *Id.*

[9]*See, e.g., Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004).

[10]*W. Resources, Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1718368, at *4 (D. Kan. Dec. 5, 2001) (citing Fed. R. Civ. P. 34(b)).

inadequate guidance exists to determine the proper scope of the interrogatory.[11] Here, the Court finds there is no legitimate way to narrow the interrogatory. Based on this fact, as well as the fact that Allstate has already provided in its Rule 26(a)(1) disclosures the names, telephone numbers and addresses of the individuals who are likely to have discoverable information that Allstate may use to support its claims or defenses, the Court will not compel further response. The Court therefore denies the Motion to Compel as to Interrogatory No. 2.[12]

        3.      *Interrogatory No. 3*

This interrogatory inquires as to whether Allstate has entered into any agreement, compromise or arrangement with any person "regarding the occurrence which is the subject matter of the lawsuit." If so, Allstate is asked to identify that person and to state the nature of the arrangement or agreement, whether the arrangement or agreement is oral or written, and the date the arrangement or agreement was entered into.

Allstate objected on the grounds that the interrogatory is not calculated to lead to the discovery of admissible evidence and is not material to any issue in dispute. In its response to the Motion to Compel, however, Allstate does not specifically reassert its relevance objection. It does, however, in the introductory section of its responsive brief, discuss in a general fashion that the only relevant time frame is before November 20, 1997, i.e., the period that led up to Allstate's decision

---

[11]*Id.* (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. Dec. 5, 2001); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)).

[12]As the Court is denying the Motion to Compel as to this interrogatory, the Court need not address Allstate's relevancy objection.

to reject the policy limits demand.[13]  Allstate does not tie that general discussion to this interrogatory, however, and it provides no valid basis for the Court to sustain the relevance objection as to this particular interrogatory.

The only objection that Allstate specifically asserts in its response to the Motion to Compel is that this interrogatory "is terribly vague."[14]  Allstate, however, did not assert this objection when it initially responded to the interrogatories.  It has therefore waived any vagueness objection.[15]

As Allstate has asserted no other objections, the Court will grant the Motion to Compel as to this interrogatory.  Allstate shall serve an amended response to Interrogatory No. 3 within **twenty (20) days** of the date of filing of this Order.

> ### 4.     Interrogatory No. 4

This interrogatory reads as follows:

With regard to all defenses (including affirmative defenses) which you claim to plaintiff's Petition, please state:

a)     List each such defense;
b)     All facts which support each such defense;
c)     The full name, present or last known address and telephone number of all persons who have knowledge of the facts which support each defense.
d)      List all documents which in any way support each defense; and
e)     The full name, present or last known address and telephone number of the custodian of each such document.

---

[13]*See* Allstate's Resp. to Mot. to Compel (doc. 29) at p. 2.

[14]*Id.* at p. 3.

[15]This Court deems an objection waived when a party fails to assert it in its initial response to the discovery request and raises it for the first time in response to a motion to compel  *See Cardenas v. Dorel Juvenile Group, Inc*., 230 F.R.D. 611, 621 (D. Kan. 2005); *Sonnino v. Univ. of Kan. Hosp. Auth.,* 220 F.R.D. 633, 657 (D. Kan. 2004).

Allstate objected on the basis that the interrogatory "calls for the thought process, mental impression, and work product of counsel."   It then stated that "[f]acts and documents which 'support' a defense call for counsel's opinion and actually seek closing argument."   Allstate reiterates these  objections in its brief responding to the Motion to Compel.  It argues there that the interrogatory is improper because it not only asks Allstate to provide its contentions, but to "also give the arguments with regard to the reasons that the facts support the contentions," thereby invading the thought processes of counsel.[16]  According to Allstate, Plaintiff is in effect asking for an outline of counsel's closing argument.

The Court is not persuaded by Allstate's arguments.  The cases that Allstate relies upon are more than forty-five years old and are no longer good law in light of the 1970 amendment to Rule 33.  That rule was amended "to provide that an interrogatory is not objectionable . . . because it calls for an opinion or contention that relates to fact or the application of law to fact."[17]

Following the Rule's 1970 amendment, this Court has held that interrogatories which seek "opinions or contentions that call for the application of law to facts are proper, and an interrogatory may properly inquire into a party's contentions in the case."[18]  This Court has noted that such

---

[16]Allstate's Resp. to Mot. to Compel (doc. 29) at p. 3.

[17]Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment.

[18]*Stoldt v. Centurion Indus., Inc*., No. 03-2634-CM-DJW, 2005 WL 375667, at *5 (D. Kan. Feb. 3, 2005) (citing *Towner v. Med James, Inc*., No. 94-2285-GTV, 1995 WL 477700, at *3-4 (D. Kan. Aug. 9, 1995) (citing Fed. R. Civ. P. 33(c)); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

interrogatories are helpful in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense.[19]

At the same time, however, this Court has made it clear that such "contention interrogatories" are overly broad and unduly burdensome on their face if they seek "all facts" supporting a claim or defense, such that the answering party is required to provide a narrative account of its case.[20] Thus, the general rule in this Court is that interrogatories may "properly ask for the 'principal or material' facts which support an allegation or defense."[21] In addition, interrogatories may seek the identities of knowledgeable persons and supporting documents for the "principal" or "material" facts supporting an allegation or defense.[22]

In light of these rules, the Court finds that this interrogatory is not objectionable on the basis asserted by Allstate, i.e., that it calls for Allstate to disclose the mental impressions and thought processes of its counsel. The Court, however, does find it to be overly broad and unduly burdensome on its face to the extent it asks Allstate to state "all" facts that support each defense and to identify persons who have knowledge of "the facts" that support each defense. The Court will therefore direct Allstate to answer this interrogatory but will limit it to the "material" or "principal" facts that support each defense. Allstate shall serve its amended response to this interrogatory, as limited, within **twenty (20) days** of the date of filing of this Order.

---

[19]*Stoldt*, 2005 WL 375667, at *5 (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 446 (D. Kan. 2000)).

[20]*Id.* (citing *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998)).

[21]*Id.*

[22]*Id.*

5.      *Interrogatory No. 6*

Interrogatory No. 6 inquires as to whether Allstate possesses, controls or has knowledge of any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions "which in any way concern the occurrence which is the subject matter of this lawsuit." Allstate is asked to identify the nature of each such map or other item and its subject matter, and to state when and where it was created. Allstate is also asked to identify the persons who created each such map or other item and who presently have custody or possession of it.

Allstate objected on the basis that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. In it response to the Motion to Compel Allstate argues as follows: "Interrogatory #6 has virtually nothing to do with the issues in this case. It is almost as if the Interrogatory were intended to be submitted in the underlying motor vehicle accident case."[23] Plaintiff, on the other hand, argues that the requested maps, pictures, and diagrams are relevant to show what kind of, and the extent of, any investigation that Allstate conducted prior to making its November 1997 decision not to pay the policy limits. As noted above, one of the factors a court may consider in determining whether an insurer acted in bad faith in denying a claim is the insurer's diligence and thoroughness in investigating the fact*s* relevant to coverage.[24]

As also noted above, when the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad

---

[23]Allstate's Resp. to Mot. to Compel (doc. 29) at p. 5.

[24]*See* note 5, *supra.*

disclosure.[25]  Here, the discovery request appears relevant on its face—it may lead to the discovery of admissible evidence regarding the scope and the nature of investigation, if any, that Allstate undertook prior to rejecting Plaintiff's offer to settle for the policy limits.  Allstate, as the party resisting the discovery, has failed to show how the requested information would not be relevant or that some harm would come of providing this information that would outweigh the value of the information.

As Allstate has failed to satisfy its burden to show how the requested information is irrelevant, the Court will grant the Motion to Compel as to Interrogatory No. 6.  Allstate shall serve an amended response to Interrogatory No. 6 within **twenty (20) days** of the date of filing of this Order.

### B.      Requests for Production

#### 1.      *Request for Production No 6*

This request asks Allstate to produce all reports or other documents it has prepared concerning "the subject occurrence."  Allstate objected on the grounds that the request calls for production of items prepared in anticipation of litigation and in preparation for trial and invades the attorney-client privilege.  It also stated that the "occurrence" is the automobile accident and that the documents requested are therefore not reasonably calculated to lead to the discovery of admissible evidence.  In its brief opposing the Motion to Compel, Allstate asserts that the request "obviously calls for items called [sic] in anticipation of litigation and preparation for trial with regard to this

---

[25]*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 615-16 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

garnishment case."[26]  It then stated:  "Garnishee has no objection to producing the matters that were available at the time the policy limits demand was declined in November of 1997 and has done so, including the attorney reports."[27]

Allstate did not reassert its attorney-client privilege objection in its responsive brief.  That objection is therefore deemed abandoned.  Allstate did, however, reassert its work product objection, i.e., that the request seeks documents prepared in anticipation of litigation and trial.  Plaintiff argues that Allstate's work product objection must be overruled because Allstate has failed to comply with Federal Rule of Civil Procedure 26(b)(5).  That rule requires a party who withholds documents based on work product protection to "make the claim expressly and . . . describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."[28]

Based on Rule 26(b)(5), this Court has held that the party asserting work product protection must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery.[29]   The information provided, which is usually set forth in a "privilege log,"[30] must be sufficient to enable the party seeking the discovery and the court to

---

[26]Allstate's Resp. to Mot. to Compel (doc. 29) at p. 5.

[27]*Id.*

[28]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 668 (D. Kan. 2004) (quoting Fed. R. Civ. P. 26(b)(5)).

[29]*McCoo v. Denny's Inc.,* 192 F.R.D. 675, 680 (D. Kan. 2000); *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994).

[30]*Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 266599, at *4 (D. Kan. Feb. 1, 2006).

determine whether *each element* of the asserted work product protection is satisfied.[31]  A "blanket claim" as to the applicability of the work product doctrine does not satisfy the burden of proof.[32]

Applying these standards, the Court finds Allstate's assertion of work product protection to be unsupported.  Nothing in the record reveals that Allstate has provided any type of privilege log or made an attempt to describe the nature of any of the alleged work product documents so as to enable Plaintiff (or the Court) to assess the applicability of the claimed work product protection. Allstate's blanket assertion that the request calls for the disclosure of work product does not satisfy Allstate's burden.  The Court must therefore overrule Allstate's work production objection.

The Court will now turn to Allstate's only other remaining objection, i.e., its general objection that the request is not reasonably calculated to lead to the discovery of admissible evidence.  In its responsive brief, Allstate does not discuss how that objection applies to this particular request for production; it only generally argues that discovery should be limited to whether Allstate was acting in bad faith on November 20, 1997, when it denied Plaintiff's policy limits demand.   The Court is not persuaded by Allstate's argument as it applies to this particular request, and will overrule the relevance objection as it applies here.

In light of the above, the Court grants the Motion to Compel as to Request for Production No. 6.  Within **twenty (20) days** of the date of filing of this Order Allstate shall produce the documents responsive to this request.

---

[31]*DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 681 (D. Kan. 2004); *Sonnino,* 221 F.R.D. at 668-69.

[32]*DIRECTV,* 224 F.R.D. at 682-83; *Sonnino,* 221 F.R.D. at 668-69.

2.     *Request for Production No. 7*

This request asks Allstate to produce all reports or other documents generated "by any expert or lay person who reviewed or investigated this matter on behalf of the defendant or the defendant's insurance company."   Allstate objected as follows:  "[This request] asks for production of items prepared in anticipation of litigation and preparation for trial, invades the attorney/client privilege, expert witness discovery beyond the scope of Rule 26."   In its response to the Motion to Compel, Allstate states:  "Request for Production #7 obviously exceeds expert witness discovery under Rule 26. However, with regard to matters as they existed at the relevant time (November 20, 1997 and before), those matters have been produced."[33]

Because Allstate did not reassert its work product and attorney-client privilege objections in its response to the Motion to Compel, the Court deems those objections abandoned.  Even if Allstate did not intend to abandon those objections, they would be still be overruled.  As Plaintiff points out, Allstate has again failed to provide a privilege log or otherwise describe the nature of the documents and reports that it claims are protected work product or attorney-client privileged as required by Rule 26(b)(5).  Thus, even if the Court were to consider those objections, the Court would overrule them as unsupported.

The Court will now turn to Allstate's objection that the request "asks for . . . expert witness discovery beyond the scope of Rule 26."  Allstate does not elaborate on this objection in its responsive brief.  The Court presumes Allstate's objection is that the request seeks documents beyond the scope of Rule 26(a)(2)(B), which deals with expert witness discovery and disclosures.

---

[33]Allstate's Resp. to Mot. to Compel (doc. 29) at p. 5.

This Court in *Western Resources, Inc. v. Union Pacific Railroad Co.*,[34] rejected such a boilerplate objection.  The Court explained:

> The text of Rule 26(a)(2)(B) provides for the mandatory disclosure of certain expert witness information, even without a request from the opposing party.  However, there is no indication on the face of the rule to suggest that a party is absolutely prohibited from seeking any additional information about an opponent's expert witnesses.  In fact, Rule 26(b)(1) describes the scope of allowable discovery as follows:  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  In addition to the text of Rule 26, the Court finds it to be significant that the Advisory Committee, which created the mandatory disclosure requirement in Rule 26(a)(2)(B), explicitly states that
>
>> [t]he enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).[35]

*Western Resources* thus stands for the proposition that requests for documents are not objectionable merely because they seek documents outside the scope of the expert disclosures required by Rule 26(a)(2)(B).[36]  The Court finds *Western Resources* to be applicable here.  It is not enough for Allstate to generally object that this request exceeds the scope of expert witness discovery under Rule 26(a)(2)(B).  The Court therefore overrules Allstate's objection.

In light of the above, the Court grants the Motion to Compel as to Request for Production No. 7.  Allstate shall produce the requested documents within **twenty (20) days** of the date of filing of this Order.

---

[34]No. 00-2043-CM, 2002 WL 1822428 (D. Kan. July 23, 2002).

[35]*Id.* at *4 (quoting Advisory committee's note to 1993 Amendments to Fed. R. Civ. P. 26(a)).

[36]*See id.*

### 3.    Request for Production No. 8

This request asks Allstate to produce "[a]ny and all documents which defendant[37] intends to use at the trial of this action."  Allstate objected to the request because "[i]t calls for production of items prepared in anticipation of litigation and reparation of trial, work product, and invades the attorney/client privilege."  In its response to the Motion to Compel, Allstate does not reassert these objections but merely states that "[i]t is difficult to tell what it is that plaintiff wants with regard to Request for Production #8.  Garnishee's counsel anticipates using deposition summaries and all sorts of documents generated by counsel."[38]

As Allstate did not reassert its work product and attorney-client privilege objections in responding to the Motion to Compel, the Court deems those objections abandoned.  Even if Allstate intended to reassert those objections, it has failed to provide a privilege log or to describe the nature of the documents and reports that it claims are protected work product or attorney-client privileged as required by Rule 26(b)(5).  Consequently, those objections must be overruled.  Although Allstate appears to be asserting a vagueness objection in its Response to the Motion to Compel (by stating that it is unclear what documents Plaintiffs is requesting), such an objection must be deemed waived as Allstate waited until it filed its response to the Motion to Compel to assert it.[39]

---

[37]Although Plaintiff used the term "defendant," it is clear that Plaintiff was referring to Allstate and not Defendant Halstead.  This is demonstrated by the fact the Allstate objected to the request on its own behalf.  In addition, the parties briefed the issue in that manner.  The Court therefore construes the request as seeking documents that *Allstate* (and not *Halstead*) intends to use at trial.

[38]Allstate's Resp. to Mot. to Compel (doc. 29) at p. 5.

[39]*See* n. 15, *supra.*

As Allstate has asserted no valid objections, the Court will grant the Motion to Compel as to Request for Production No. 8.  Allstate shall produce the responsive documents within **twenty (20) days** of the date of filing of this Interrogatory.

4.      *Request for Production No. 10*

This request seeks "diagrams, reports, notes, specifications, records, written statements and photographs regarding the subject occurrence contained in the investigative file of the defendant's liability insurance carrier."  Allstate objected on the basis of work product and attorney-client privilege.  It also objected that the request is not reasonably calculated to lead to the discovery of admissible evidence.

In its response to the Motion to Compel, Allstate does not reassert its work product and attorney-client privilege objections.  The Court therefore deems them abandoned.  Even if Allstate did not intend to abandon them, they would be overruled, as Allstate has provided no privilege log or description of the documents that would allow Plaintiff to assess the applicability of the claimed work product immunity and attorney-client privilege.

The Court overrules Allstate's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence.  The Court finds that this request may lead to the discovery of admissible evidence regarding the nature and extent of Allstate's investigation of the automobile accident, which is relevant to the issue of whether Allstate acted in good faith in denying the initial policy limits demand.

Accordingly, the Court will grant the Motion to Compel as to Request No. 10.  Allstate shall produce the documents responsive to this request within **twenty (20) days** of the date of filing of this Order.

5.      *Request for Production No. 11*

This request seeks "[a]ll documents which support your defenses in this matter." Allstate objected on the basis of work product immunity, attorney work product immunity, and attorney-client privilege, asserting that the request calls for the discovery of counsel's thought processes and mental impressions. In its response to the Motion to Compel, Allstate merely asserts that the request improperly calls for the disclosure of counsel's thought processes and mental impressions.

For similar reasons discussed above with respect to Interrogatory No. 4, the Court does not find that this request improperly calls for Allstate's counsel to divulge his thought process or mental impressions. Moreover, to the extent that Allstate has specific work product and attorney-client privileged documents that are responsive to this request, Allstate was obligated to provide a privilege log or otherwise describe the nature of those documents so that Plaintiff could assess the applicability of the claimed privilege and work product protection. As Allstate has failed to do so, its work product protection and attorney-client privilege objections will be overruled.

The Court will grant the Motion to Compel as to Request No. 11. Allstate shall produce the documents responsive to this request within **twenty (20) days** of the date of filing of this Order.

6.      *Request for Production No. 12*

This request seeks the following documents:

Any and all personal notes, memoranda, diaries, personal journals, appointment books, reports, correspondence, notes or electronic data or communications, and other documents which were prepared and/or maintained by Defendant or Dick Modin's office which relate in any way to the claims in this lawsuit.

Allstate asserted work product protection and attorney-client privilege in its response to this request.

In her Motion to Compel, Plaintiff explains that Dick Modin is the attorney who completed the investigation for Allstate and that Allstate is relying on an advice of counsel defense.  Plaintiff argues that the requested documents are relevant to show whether Allstate conducted a proper investigation of the accident before it rejected Plaintiff's offer to settle for the policy limits.  She also points out that Allstate has provided no privilege log or other description of the responsive documents it contends are protected work product or attorney-client privileged communications.

In its response to the Motion to Compel, Allstate explains that it has already produced 'the documents it has from Mr. Modin's office which were in existence as of November 20, 1997."  It argues that any documents created after that date are irrelevant and will not lead to the discovery of admissible evidence.

Allstate did not assert a relevance objection to this request when it served its initial response.  The Court therefore finds the relevancy objection to have been waived.[40]  The Court also finds that Allstate has waived its assertion of work product and attorney-client privilege by failing to provide a privilege log or otherwise provide a description of the documents so as to allow Plaintiff to assess the applicability of the claimed work product protection and attorney-client privilege.

As no valid objections have been timely asserted to this request, the Court will grant the Motion to Compel as to Request No. 12.  Allstate shall produce the requested documents within **twenty (20) days** of the date of filing of this Order.

### 7.    *Request for Production No. 14*

Request No. 14 asks Allstate to produce copies of any expert report, summary, notes, recording or other writing that Allstate has obtained from, or that has been prepared by, any expert

---

[40]*See* discussion, supra, *note* 15.

that may provide testimony at the trial of this case and which "directly relates to or forms the opinions expressed by the expert." Allstate objected that the request seeks expert witness discovery beyond the scope of Rule 26 and calls for the production of items prepared in anticipation of litigation and in preparation for trial. In its responsive brief, Allstate reasserts only the objection that the request exceeds the scope of expert witness discovery under Rule 26.

As Allstate did not reassert its work product objection in its responsive brief, the Court deems that objection abandoned. Even if Allstate did not intend to abandon it, Allstate has failed to provide the required privilege log or other information that would permit Plaintiff to determine the applicability of the work product doctrine. Allstate has therefore not asserted a valid work product objection to this request.

For the same reasons discussed above with respect to Request No. 7, the Court finds Allstate's objection that the request exceeds the scope of expert witness discovery under Rule 26 to be an invalid objection.

As Allstate has not asserted any valid objections to this request, the Court will grant the Motion to Compel. Allstate shall produce the documents responsive to Request No. 14 within **twenty (20) days** of the date of filing of this Order.

8. *Request for Production No. 15*

Request No. 15 asks for copies of "any articles, texts, abstracts, or reports prepared by any experts which relate to the subject matter of this litigation or the subject matter of the experts' testimony." Allstate objected on the basis that the request "calls for garnishee to do research and then present it." It also objected on the basis that it seeks expert witness discovery beyond the scope of Rule 26. In its responsive brief, Allstate asserts only that the request exceeds the scope of expert witness discovery under Rule 26.

21

Plaintiff clarifies in her Motion to Compel that she is not asking Allstate's counsel to conduct research and that she is only seeking those articles or reports prepared by *Allstate's* experts in this case and not just *any* expert, and which relate to the subject matter of this lawsuit or the subject matter of that expert's testimony in this case.

With this clarification, the Court finds the request to be proper.  As discussed above, Allstate's boilerplate objection that the request exceeds the scope of expert witness discovery under Rule 26 is not a valid objection.

In light of the above, the Court will grant the Motion to Compel as to Request No. 15. Allstate shall produce the requested documents within **twenty (20) days** of the date of filing of this Order.

### C.   Requests for Admission

#### 1.   *Requests for Admission No. 3-10*

These requests relate to a declaratory judgment that may have been filed by Allstate, as follows:

| | |
|---|---|
| Request No. 3: | Admit that Allstate filed a separate declaratory judgment action while Plaintiff's lawsuit was ongoing. |
| Request No. 4: | Admit that Allstate withdrew the declaratory judgment action. |
| Request No. 5: | Admit that after Allstate withdrew the declaratory judgment action, Defendant Halstead offered to settle Plaintiff's underlying lawsuit for the policy limits. |
| Request No. 6: | Admit that counsel rejected Halstead's[41] offer to settle the lawsuit. |

---

[41]In her Motion to Compel, Plaintiff quotes Requests for Admission No. 6 and 7 but refers to the settlement offer as being made by "Tim Mudd."  This is an apparent typographical error.  It appears Plaintiff meant to indicate that the settlement offer was made by Halstead and not "Tim Mudd."

Request No. 7:        Admit that the offer Halstead made to settle for the policy limits occurred after the declaratory judgment action was withdrawn and before Plaintiff's case was tried.

Request No. 8:        Admit that Wayne Smith was the attorney representing Allstate in the declaratory judgment action.

Request No. 9:        Admit that neither Wayne Smith nor Allstate provided any affidavits of the Kansas or Missouri law enforcement personnel in support of Allstate's declaratory judgment.

Request No. 10:       Admit that Wayne Smith provided no affidavits in support of the declaratory judgment action to the effect that Defendant Halstead was involved in one continuous chase from police officers.

Allstate objected to these requests for admission on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence and not material to any issue in dispute.

2.      *Applicable law and analysis*

Federal Rule of Civil Procedure 36 governs requests for admissions.  Subsection (a) states in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters *within the scope of Rule 26(b)(1)* set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
> * * *
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .  If objection is made, the reasons therefore shall be stated.
> * * *
> The party who has requested the admissions may move to determine the sufficiency of the answers or objections.  Unless the court determines that an objection is justified, it shall order that an answer be served.[42]

---

[42]Fed. R. Civ. P. 36(a) (emphasis added).

When a party objects to a request for admission rather than admitting or denying it or asserting an inability to admit or deny it, that party assumes the burden of persuasion to justify its objection.[43]   Thus, Allstate has the burden to support its relevancy objections.

Pursuant to Rule 36(a), a request for admission may seek to determine the truth of any matters that fall within the scope of Rule 26(b)(1).  As discussed above with respect to Interrogatory No. 1, Rule 26(b)(1) provides that a party may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party.[44]  Also, as noted above, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[45]

As with interrogatories and requests for production, the relevancy of a request for admission will be broadly construed, and a request for admission will be deemed relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[46]  A request for admission will be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[47]

Allstate admits in its responsive brief that it did file a declaratory judgment action regarding coverage issues, which was consolidated with the underlying tort action filed by Plaintiff.  Allstate further admits that it dismissed the declaratory judgment action prior to the tort case proceeding to

---

[43]*Jones v. Rent a Center, Inc.,* No. 01-2320-CM, 2002 WL 924833, at *1 (D. Kan. May 2, 2002); *Audiotext Commc'ns Network, Inc. U.S. Telecom, Inc*., Civ. A. 94-2395-GTV, 1995 WL 625744, at *4 (D. Kan. Oct. 5, 1995).

[44]Fed. R. Civ. P. 26(b)(1).

[45]*Id.*

[46]*Jones,* 2002 WL 924833, at *2.

[47]*Id.*

trial.  It argues, however, that none of the information relating to the declaratory judgment is relevant to any issue in this case.

The Court disagrees, and finds, for the various reasons set forth in Plaintiff's Motion to Compel, that the requests have the potential to lead to the discovery of admissible evidence. Certainly, the Court cannot say the requested information "can have no possible bearing" on Plaintiff's claims or Allstate's defenses.

Accordingly, the Court will grant the Motion to Compel as to Requests for Admission No. 3-10.  Allstate shall serve its amended answers to these requests for admission within **twenty (20) days** of the date of filing of this Order.

### III.    Recovery of Fees and Expenses

The Court will now consider the issues of attorney fees and expenses incurred in connection with this motion.  Although Plaintiff does not request fees and expenses in her motion, the Court finds that an award may be appropriate here, as the Court is granting in large part the Motion to Compel.

Federal Rule of Civil Procedure 37(a)(4) governs the award of fees and expenses in connection with motions to compel.  Subsection (a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.[48]  Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[49]

---

[48]*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 635, 639 (D. Kan. 2005) (citing Fed. R. Civ. P. 37(a)(4)(C)).

[49]*Id.*

The Court has granted the Motion to Compel as to Interrogatories No. 1, 3, 4 (as limited by the Court), and 6;  Requests for Production No. 6-8,10-12, and 14-15; and Requests for Admission No. 3-10.  The Court has denied the Motion to Compel only as to Interrogatory No. 2.  Thus, the Court finds that an award of fees and expenses pursuant to Rule 37(a)(4)(C) may be appropriate here.  Before the Court may make any such award, however, the non-moving party must be afforded the "opportunity to be heard."[50]  An actual hearing is not necessary, and the Court may consider the issue of fees and expenses "on written submissions."[51]  The "written submission" requirement is met where the moving party requests fees and expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response.[52]

Here, Plaintiff did not request fees or expenses in her motion.  Thus, Allstate has not been given sufficient "opportunity to be heard," and the Court will decline to enter an award of fees and expenses at this time.  To satisfy the "written submissions" rule, the Court will direct Allstate and/or its counsel to show cause, in writing, within **thirty (30) days** of the date of filing of this Order, why the Court should not require either or both of them[53] to pay a portion of the reasonable expenses and

---

[50]*McCoo v. Denny's, Inc*., 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)); *Fears v. Wal-Mart Stores, Inc.*, No. 99-2515-JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13, 2000).

[51]*Fears*, 2000 WL 1679418 at *6 (citing advisory committee's note to the 1993 amendments to Rule 37(a)(4)).

[52]*Id.*

[53]To the extent possible, sanctions (including an award of fees and expenses) should be imposed only upon the person or entity responsible for the sanctionable conduct.  *McCoo*, 192 F.R.D. at 697.  The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing." *Id.*  At present, the Court has no evidence that Allstate itself was responsible for the objections and responses at issue.  However, if Allstate or its attorneys wish to provide the Court with any information in this regard, Allstate and/or its counsel may do so in the pleading(s) provided to the Court pursuant to the briefing schedule set forth herein.
(continued...)

attorney fees incurred by Plaintiff in bringing her Motion to Compel.  Plaintiff shall have **eleven (11) days** thereafter to file a response thereto, if she so chooses.  In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses Plaintiff has incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (doc. 25) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that Allstate shall, within **twenty (20) days** of the date of filing of this Order, serve its amended responses to Interrogatories No. 1, 3, 4 (as limited by the Court), and 6, and to Requests for Admission No. 3-10.

**IT IS FURTHER ORDERED** that Allstate shall, within **twenty (20) days** of the date of filing of this Order, produce all documents required to be produced as set forth herein.  Said production shall take place at the offices of Plaintiff's counsel or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that Allstate and/or its counsel shall show cause, in writing, within **thirty (30) days** of the date of filing of this Order, why the Court should not require either or both of them to pay a portion of the reasonable expenses and attorney fees Plaintiff has incurred in bringing her Motion to Compel.  Plaintiff shall have **eleven (11) days** thereafter to file a response thereto.

---

[53](...continued)
The Court will defer ruling on this issue until it has received the parties' briefs.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of July 2006.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties