DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHELBY MOSES,**

        **Plaintiff and Garnishor,**

**v.**

**CHRIS HALSTEAD,**

        **Defendant,**

**ALLSTATE INSURANCE COMPANY,**
**by and through State of Kansas**
**Department of Insurance,**

        **Garnishee.**

**CIVIL ACTION**

**No. 05-2488-KHV-DJW**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Reconsideration (doc. 64) filed by the Plaintiff and Garnishor, Shelby Moses ("Plaintiff"). Plaintiff seeks reconsideration of the Court's February 5, 2007 Order (doc. 61), which sustained in part and overruled in part the objections raised by the Garnishee, Allstate Insurance Company ("Garnishee"), to certain factual contentions asserted in paragraph 5 of the proposed Pretrial Order.

Plaintiff has requested a telephone hearing on the motion. The Court, however, does not believe that a hearing would be beneficial. For the reasons set forth below, the Court will deny the Motion for Reconsideration.

The Court will also address footnote 6 of Judge Vratil's Memorandum and Order (doc. 70) ruling on Garnishee's Motion for Summary Judgment. In that footnote, Judge Vratil requested that this Court clarify its ruling with regard to the Pretrial Order.

**I.      Factual Background**

This case involves a single-vehicle accident that occurred in Buchanan County, Missouri, on November 22, 1996. Plaintiff was a passenger in the vehicle, which was driven by Defendant Chris Halstead ("Halstead"). Plaintiff was covered by a Kansas policy for liability for uninsured motorist benefits issued by Allstate Insurance Company ("Allstate"). Plaintiff suffered bodily injuries and incurred medical expenses as a result of the automobile accident.

On November 17, 1997, Plaintiff, through her attorney, wrote to Allstate, offering to settle all of her claims against Halstead for $25,000, which was the applicable policy limits of the liability policy issued by Allstate. On or about November 20, 1997, Allstate rejected Plaintiff's demand. Thereafter, Plaintiff filed a lawsuit against Halstead in the Circuit Court of Buchanan County, Missouri. The jury awarded Plaintiff $100,000 in actual damages for injuries she suffered in the accident. Although Allstate had earlier rejected Plaintiff's request to settle for the policy limits, after the judgment was entered, Allstate tendered the policy limits of $25,000 to Plaintiff in partial satisfaction of the judgment.

Plaintiff registered her judgment in the District Court of Atchison County, Kansas. She requested an Order of Garnishment, listing Allstate as the garnishee. Allstate removed the action to this Court on November 18, 2005.

**II.     Procedural Background**

The Court held a Pretrial Conference in this case on October 26, 2006. The parties were directed to make certain revisions to the proposed Pretrial Order and to resubmit a revised Pretrial Order. When the revised Pretrial Order was not forthcoming, the Court held a telephone conference on November 29, 2006. During that conference, Garnishee's counsel informed the Court that

Garnishee objected to Plaintiffs' proposed factual contentions because they had not been previously pled by Plaintiff.

The Court directed the parties to submit the revised proposed Pretrial Order by the end of the day. The Court indicated it would rule on Garnishee's objections after it had the opportunity to review the claims previously pled by Plaintiff against the claims asserted in the revised proposed Pretrial Order.[1]

On February 5, 2007, the Court entered a "text only" order (doc. 61) sustaining in part and overruling in part Garnishee's objections to the proposed Pretrial Order. The Order stated:

> The Court sustains Garnishee's objections to subparagraphs 5.a(1) - (4) and (6) - (9), as the contentions alleged therein were not pled in Plaintiff/Garnishor's Reply to Garnishee's Answer and no motion was ever filed to amend the Reply to Garnishee's Answer. Accordingly, the contentions pled in subparagraphs 5.a(1) - (4) and (6) - (9) shall not be included in the Pretrial Order. The Court overrules Garnishee's objections to subparagraph 5.a(5), as those contentions were pled in the Reply to Garnishee's Answer. Accordingly, the contentions set forth in subparagraph 5.a(5) shall be included in the Pretrial Order. The Magistrate Judge's office will make the necessary corrections to the Pretrial Order.[2]

In accordance with its February 5, 2007 Order, this Court removed the eight contentions from the Factual Contentions section (paragraph 5) of the proposed Pretrial Order, and the Pretrial Order was filed on February 7, 2007.[3] This Court made no modifications to the Theories of Recovery section (paragraph 6) of the Pretrial Order or to the subsections identifying the essential

---

[1] *See* Minute Sheet regarding telephone status conference (doc. 60).

[2] Feb. 5, 2007 Order (doc. 61).

[3] *See* Pretrial Order (doc. 63).

elements of each theory (subparagraphs 6(a)-(c)). Plaintiff filed the instant Motion for Reconsideration on February 14, 2007.

On February 28, 2007, Judge Vratil issued a Memorandum and Order (doc. 70) denying Garnishee's Motion for Summary Judgment. In that Order, Judge Vratil asked this Court to clarify its February 7, 2007 Order regarding the Pretrial Order. She stated:

> Magistrate Judge David J. Waxse sustained Allstate's objections to plaintiff's factual contentions 1-4 and 6-9 because plaintiff had not included them in her reply to Allstate's answer (Doc. #3). Plaintiff included exactly the same nine statements as "theories of recovery" in the pretrial order, however, and Allstate apparently did not object. Allstate asserts that the only issue before the Court is whether it acted negligently or in bad faith when it declined to pay plaintiff's policy limits demand on November 20, 1997. On February 14, 2007, plaintiff filed a motion to reconsider the magistrate's ruling on the objections to the pretrial order. Because that question is pending before Judge Waxse, and because Allstate's motion for summary judgment must be overruled in any event, *the Court directs Judge Waxse to clarify his ruling with regard to the pretrial order.*[4]

### III. Plaintiff's Motion for Reconsideration

#### A. Relief Requested by Plaintiff

Plaintiff's Motion for Reconsideration seeks reconsideration of the Court's February 5, 2007 Order pursuant to D. Kan. Rule 7.3. Plaintiff indicates in the body of the motion, however, that the motion "is also made as a motion to amend judgment and/or a motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rules 59(e) and 60."[5] Plaintiff asserts that the Court's February 5, 2007 Order may be considered a dispositive order as it effectively granted judgment in favor of Garnishee on eight out of nine of Plaintiff's claims.

---

[4] *See* Feb. 28, 2007 Mem. and Order (doc. 70) at p. 6, n.6 (emphasis added).

[5] Pl.'s Mot. for Recons. (doc. 64) at p.1.

This Court does not consider its February 5, 2007 Order to be dispositive of any claims,[6] as it was only ruling on objections to the proposed Pretrial Order. Certainly, no judgment or final order was ever entered. The Court will therefore treat Plaintiff's Motion as one for reconsideration brought pursuant to D. Kan. Rule 7.3(b).

### B.     Standard for Ruling on a Motion for Reconsideration under D. Kan. Rule 7.3(b)

Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[7] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[8]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[9] Nor is a motion to reconsider to be used as "a second chance

---

[6]This Court considers orders ruling on the motions identified in 28 U.S.C § 636(b)(1)(A) to be dispositive, i.e., orders ruling on motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim, to voluntarily dismiss an action, and other types of motions to dismiss. This Court does not generally consider ruling on objections to the pretrial order to be dispositive within the meaning of 28 U.S.C.§ 636(b)(1)(A) or D. Kan. Rule 7.3.

[7]D. Kan. Rule 7.3(b) is consistent with the standard adopted by the Tenth Circuit. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[8]*Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[9]*Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

when a party has failed to present it strongest case in the first instance."[10]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[11]

### C.  Plaintiff's Arguments

Plaintiff contends that reconsideration is warranted under subsection (b)(3) of D. Kan. Rule 7.3, i.e., that reconsideration is necessary to correct clear error and to prevent manifest injustice. Plaintiff argues that the contentions this Court removed from the proposed Pretrial Order were "notice pled" in Plaintiff's Reply to Garnishee's Answer (doc. 3) ("Reply") and Plaintiff's First Amended Reply to Garnishee's Answer (doc. 6).  She contends that Garnishee had notice of these contentions from the notice pleading, and through the subsequent course of discovery and the report of Plaintiff's expert, which further clarified the contentions and issues relating to Plaintiff's claims.

Plaintiff also argues that the Court erred because it considered only those contentions alleged in Plaintiff's *Reply* to Garnishee's Answer (doc. 3) and failed to consider the contentions that were alleged in Plaintiff's *First Amended Reply* to Garnishee's Answer (doc. 6).  As set out above, this Court's Order indicated that it was deleting Contentions 5.a(1) - (4) and (6) - (9) from the proposed Pretrial Order because they "were not pled in Plaintiff/Garnishor's *Reply* to Garnishee's Answer and no motion was ever filed to amend the *Reply* to Garnishee's Answer."[12]

---

[10] *Sonnino,* 221 F.R.D. at 664  (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[11] *Servants,* 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664,

[12] Feb. 5, 2007 Order (doc. 61) (emphasis added).

6

Plaintiff's First Amended Reply contains twenty numbered paragraphs. The first nineteen paragraphs are identical to those contained in the Reply; however the First Amended Reply contains a new paragraph "20." That new paragraph alleges Garnishee "anticipatorily breached the Moses policy of insurance by denying coverage" based on certain specified factors.[13] Plaintiff presupposes that the Court intentionally disregarded the First Amended Reply because it assumed the amendment was not authorized, as no written consent to the amendment was filed and no motion to amend was granted, as required by Federal Rule of Civil Procedure 15(a). Plaintiff explains, however, that Garnishee did in fact give written consent to the First Amended Reply after the case was removed to this Court. Plaintiff contends that had the Court reviewed the First Amended Reply — and not just the Reply — the Court would have seen that Contentions (1) - (4) and (6) - (9) had been previously pled, and the Court would not have removed them from the proposed Pretrial Order.

**D.     Discussion**

The Court will first address Plaintiff's argument that the Court erred in not considering the allegations set forth in the First Amended Reply. The Court recognizes that its Order referred only to the Reply, and it understands why Plaintiff assumed the Court intentionally disregarded the First Amended Reply. The Order's reference to the "Reply" rather than the "First Amended Reply," however, was an inadvertent error on the Court's part. The Court did in fact review the First Amended Reply, and it compared the contentions set forth therein with the contentions made in the proposed Pretrial Order. Furthermore, the Court took those contentions into account in making its ruling.

To correct this mistaken reference, the Court will issue an Order Nunc Pro Tunc as follows:

---

[13]First Am. Reply to Garnishee's Answer (doc. 6) at p. 6-9.

7

> The Court sustains Garnishee's objections to subparagraphs 5.a(1) - (4) and (6) - (9), as the contentions alleged therein were not pled in Plaintiff/Garnishor's <u>First Amended</u> Reply to Garnishee's Answer and no motion was ever filed to amend the <u>First Amended</u> Reply to Garnishee's Answer. Accordingly, the contentions pled in subparagraphs 5.a(1) - (4) and (6) - (9) shall not be included in the Pretrial Order. The Court overrules Garnishee's objections to subparagraph 5.a(5), as those contentions were pled in the <u>First Amended Reply</u> to Garnishee's Answer. Accordingly, the contentions set forth in subparagraph 5.a(5) shall be included in the Pretrial Order. The Magistrate Judge's office will make the necessary corrections to the Pretrial Order.

The Court will now consider the merits of Plaintiff's argument, i.e., that the allegations of the First Amended Reply were sufficient to place Garnishee on notice of Plaintiff's contentions and that they should therefore be included in the Pretrial Order.

Notice pleading, as articulated in Federal Rule of Civil Procedure 8(a), requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[14] Although these rules are often described as "liberal," they do not "permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case."[15]

In her Motion for Reconsideration, Plaintiff has submitted for the first time[16] a detailed analysis of the contentions she pled in the proposed Pretrial Order and the allegations she asserted in the First Amended Reply. Garnishee has also submitted a detailed response to Plaintiff's analysis (doc. 72). This Court has carefully reviewed the parties' arguments and has determined that its

---

[14]*Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[15]*Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991).

[16]Plaintiff did not provide a written response to Garnishee's objections at the time Garnishee raised its objections, and the Court did not set any kind of briefing schedule regarding the objections.

earlier conclusions were not in error. This Court agrees with the reasons and analysis set forth in Garnishee's brief, and concludes, consistent with its prior ruling, that Plaintiff's prior allegations do not provide fair notice of the allegations and theories that she sought to include in the proposed Pretrial Order.

In light of the foregoing, the Court will deny reconsideration of its February 5, 2007 Order. The Court will, however, enter an Order Nunc Pro Tunc correcting its inadvertent mistaken reference to Plaintiff's "Reply."

**IV.     Clarification of this Court's February 5, 2007 Ruling**

This Court will now address Judge Vratil's directive to clarify its ruling regarding the Pretrial Order. As noted above, Judge Vratil in her ruling on Garnishee's Motion for Summary Judgment requested that this Court clarify its February 5 ruling, which removed eight of Plaintiff's contentions from the "Factual Contentions" section of the proposed Pretrial Order, but yet allowed those same eight statements to be included in the "Theories of Recovery" section.

When Garnishee asserted its objections to the proposed Pretrial Order, Garnishee specifically objected to those contentions pled under Section 5.a. of Plaintiff's Contentions, and the Court sustained those objections by deleting Contentions 5.a(1) - (4) and (6) - (9). As Garnishee did not object or otherwise direct the Court's attention to the same allegations being pled in the "Theories of Recovery" section of the Proposed Pretrial Order, the Court did not delete them from that section.

Now that this has been brought to the Court's attention, this Court recommends to the District Judge that subparagraphs 6.b.(1) - (4) and (6) - (9) and subparagraphs 6.(c)(1) - (4) and (6) - (9) be stricken from the Pretrial Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 64) is denied.

**IT IS ALSO RESPECTFULLY SUBMITTED** to the District Judge that subparagraphs 6.b.(1) - (4) and (6) - (9) and subparagraphs 6.(c)(1) - (4) and (6) - (9) be stricken from the Pretrial Order (doc. 63).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of March 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties