## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELBY MOSES, ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No. 05-2488-KHV** |
| ) | |
| CHRIS HALSTEAD, ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **and** ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| **Garnishee.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the Motion To Strike (Doc. #82) which Allstate Insurance Company filed March 13, 2007 and plaintiff's Motion For Review Of The Magistrate Judge's Orders, A Hearing On Shortened Time, & In The Alternative A Motion For Continuance Of Trial (Doc. #85) filed March 14, 2007. For reasons set forth below, the Court finds that Allstate's motion should be overruled and that plaintiff's motion should be sustained in part.

### Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The

Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

### Procedural Background[1]

Plaintiff filed this garnishment action claiming that Allstate is liable for a judgment against Halstead because it acted negligently or in bad faith when it did not timely inform Halstead of plaintiff's offer to settle in November of 1997 and did not settle the liability claim in the face of the coverage dispute. On February 5, 2007, Magistrate Judge David J. Waxse sustained Allstate's objections to eight of plaintiff's nine factual contentions set out in a proposed pretrial order. See Doc. #61. Plaintiff filed a motion for reconsideration. On March 12, 2007, Judge Waxse issued an Order Nunc Pro Tunc (Doc. #81) sustaining Allstate's objections to the eight factual contentions but clarifying that he had reviewed plaintiff's amended reply to Allstate's answer in ruling on the motion to strike. On March 12, 2007, Judge Waxse also filed a Memorandum And Order in which he further clarified his ruling with regard to the pretrial order. See Doc. #80. Specifically, Judge Waxse addressed the following request which the undersigned set out in the Memorandum And Order (Doc. #70), as follows:

> Magistrate Judge David J. Waxse sustained Allstate's objections to plaintiff's factual contentions 1-4 and 6-9 because plaintiff had not included them in her reply to Allstate's answer (Doc. #3). Plaintiff included exactly the same nine statements as "theories of recovery" in the pretrial order, however, and Allstate apparently did not

---

[1]    The Court set out a detailed description of the case in the Memorandum And Order (Doc. #70) which the Court incorporates herein by reference.

object.  Allstate asserts that the only issue before the Court is whether it acted negligently or in bad faith when it declined to pay plaintiff's policy limits demand on November 20, 1997.  On February 14, 2007, plaintiff filed a motion to reconsider the magistrate's ruling on the objections to the pretrial order.  Because that question is pending before Judge Waxse, and because Allstate's motion for summary judgment must be overruled in any event, the Court directs Judge Waxse to clarify his ruling with regard to the pretrial order.

Doc. #70 at 6, n.6.

Judge Waxse ruled that the allegations in plaintiff's reply and plaintiff's amended reply to Allstate's answer did not give Allstate fair notice of the eight allegations which she sought to include in the proposed pretrial order.  Doc. #80 at 8-9.  Judge Waxse therefore overruled plaintiff's motion to reconsider his order which struck eight of plaintiff's factual contentions.  Judge Waxse further recommended that the Court strike the corresponding eight statements set out in plaintiff's theories of recovery because plaintiff had not given Allstate notice of those theories.[2]  See id. at 9.

The factual statements which plaintiff asserts the Magistrate erroneously struck include the following:

Allstate: (1) failed to obtain a timely, adequate, and unambiguous reservation of rights with Halstead, and/or repudiated the reservation of rights by filing a declaratory judgment action; (2) failed to use reasonable efforts or measures to resolve the coverage dispute promptly or in such a way to limit any potential prejudice to Halstead; (3) failed to properly consider the substance of the coverage dispute or the weight of legal authority on the coverage issues; (4) failed to exercise diligence and thoroughness in investigating acts pertinent to coverage; . . . (6) failed to follow the advice of Tim Mudd, and/or instructed and caused Mudd to act adverse to Halstead's best interest; (7) took a course of conduct intended to prejudice and sabotage Chris Halstead on the coverage issue; (8) violated the equal consideration rule and (9) failed to follow Dick Modin's advice to procure a valid reservation of

_____

[2]    The Court notes that Judge Waxse's Memorandum And Order (Doc. #80) uses paragraph numbering from the *proposed* pretrial order (which is not in the record) but refers to the pretrial order, which does not bear corresponding numbering.  Because the numerical references are incorrect and confusing, the Court will refer only to the paragraph headings, and then to subparagraphs.

rights agreement with Chris Halstead.

Contrary to Judge Waxse's rulings, plaintiff's <u>First Amended Reply To Garnishee's Answer</u> includes statements which are similar to each of the eight factual statements (and identical theories) listed above.  <u>See</u> <u>Amended Reply</u> (Doc. #6), Para. 11 (pretrial factual statements and theories numbers 5, 7); <u>Id.</u>, Para. 17 (pretrial factual statements and theories numbers 5, 8); <u>Id.</u>, Para. 20 (pretrial factual statements and theories numbers 1-4, 6, 8-9).  The Court therefore finds that plaintiff's motion for review of the magistrate's order should be sustained, and that each of the eight stricken factual contentions should be included in the pretrial order.  The Court further finds that Allstate's motion to strike the corresponding eight theories of recovery should be overruled.  Whether the factual statements are supported by evidence, and whether the purported theories are supported by law, remain for determination.

**IT IS THEREFORE ORDERED** that Allstate's <u>Motion To Strike</u> (Doc. #82) filed March 13, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion For Review Of The Magistrate Judge's Orders, A Hearing On Shortened Time, & In The Alternative A Motion For Continuance Of Trial</u> (Doc. #85) filed March 14, 2007 be and hereby is **SUSTAINED** in that the following factual statements are inserted in the pretrial order:

> Allstate: (1) failed to obtain a timely, adequate, and unambiguous reservation of rights with Halstead, and/or repudiated the reservation of rights by filing a declaratory judgment action; (2) failed to use reasonable efforts or measures to resolve the coverage dispute promptly or in such a way to limit any potential prejudice to Halstead; (3) failed to properly consider the substance of the coverage dispute or the weight of legal authority on the coverage issues; (4) failed to exercise diligence and thoroughness in investigating acts pertinent to coverage; . . . (6) failed to follow the advice of Tim Mudd, and/or instructed and caused Mudd to act adverse to Halstead's best interest; (7) took a course of conduct intended to prejudice and sabotage Chris Halstead on the coverage issue; (8) violated the equal consideration

4

rule and (9) failed to follow Dick Modin's advice to procure a valid reservation of rights agreement with Chris Halstead.

Plaintiff's motion is otherwise **OVERRULED**.

Dated this 29th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

5