IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELBY MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2488-KHV |
| CHRIS HALSTEAD, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Garnishee. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Garnishee Allstate Insurance Company's Motion For Reconsideration, Or For New Trial</u> (Doc. #105) filed August 2, 2007. For reasons set forth below, the Court finds that the motion should be sustained.

## Legal Standards

The Court has discretion whether to grant a motion to reconsider.[1]  See <u>Hancock v. City of Okla. City</u>, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three

---

[1] The Federal Rules of Civil Procedure do not recognize motions for reconsideration. See <u>Hatfield v. Bd. of County Comm'rs</u>, 52 F.3d 858, 861 (10th Cir. 1995); <u>Loum v. Houston's Rests., Inc.</u>, 177 F.R.D. 670, 671 (D. Kan. 1998). While the Rules of Practice and Procedure for the District of Kansas contain a provision entitled "Motions to Reconsider," D. Kan. Rule 7.3, this provision is intended to apply only to non-dispositive judgments and orders. <u>Loum</u>, 177 F.R.D. at 671. Nevertheless, a motion to alter or amend is essentially a motion for reconsideration. <u>Hilst v. Bowen</u>, 874 F.2d 725, 726 (10th Cir. 1989); <u>Koch v. Shell Oil Co.</u>, 911 F. Supp. 487, 489 (D. Kan. 1996).

grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## Procedural History

This garnishment action stems from a one-vehicle accident in which Shelby Moses sustained significant bodily injuries. At the time of the accident, plaintiff was riding in a car operated by Chris Halstead and insured by Allstate Insurance Company. On November 20, 1997, Allstate rejected plaintiff's offer to settle her claims against Halstead for the policy limits of $25,000 plus other conditions. Plaintiff then sued Halstead in the Circuit Court of Buchanan County, Missouri, and received a jury verdict of $100,000. In partial satisfaction of the judgment, Allstate paid plaintiff the policy limits of $25,000. Plaintiff registered her judgment in the District Court of Atchison County, Kansas, and requested an order of garnishment, alleging that in refusing to accept her offer to settle for policy limits, Allstate had negligently and in bad faith breached its duty to Halstead, its insured. Allstate removed the action to this Court on November 18, 2005. After a bench trial, the Court overruled Allstate's motion for judgment as a matter of law. The Court set forth findings of fact and conclusions of law which it incorporates herein by reference. The Court entered judgment

for plaintiff. See Memorandum And Order (Doc. #102) filed July 23, 2007.

In its motion for reconsideration, Allstate asserts that the Court erred in entering judgment for plaintiff based on eight erroneous findings of fact and law.[2] Because the Court finds that one of Allstate's alleged errors precludes judgment for plaintiff, it need not address the other alleged errors.

Allstate asserts that under Missouri law, plaintiff's garnishment action fails because Halstead did not assign plaintiff his claim against Allstate for bad faith refusal to settle. Plaintiff concedes that defendant did not assign his claim to her; rather she argues that Kansas law applies and that Kansas does not require an assignment. Plaintiff argues that in denying Allstate's motion for summary judgment, the Court cited *Kansas* law as follows:

> Under long standing garnishment law in Kansas, once judgment has entered, the judgment creditor then takes the place of the judgment debtor and may take that which the latter could enforce. Farmco, Inc, v. Explosive Specialists, Inc., 9 Kan. App.2d 507, 515, 684 P.2d 436, 442 (1984) (citing Nichols v. Marshall, 491 F.2d 177, 183 (10th Cir. 1974)). A judgment creditor in a personal injury case may proceed by garnishment against the tortfeasor's insurer to satisfy within policy limits the judgment obtained against the tortfeasor. Id., 684 P.2d at 442-43. Kansas courts

---

[2] Specifically, Allstate asserts that the Court should have entered judgment for Allstate because under Missouri law, (1) plaintiff could not bring a claim against Allstate for bad faith refusal to settle because defendant did not assign the claim to plaintiff; (2) defendant did not assign to plaintiff any claims he may have had against Allstate for bad faith failure to settle; (3) plaintiff could not maintain a claim for bad faith refusal to settle against Allstate in a garnishment action because she was not the insured party; and (4) plaintiff may not recover in a garnishment action any amount greater than the $25,000 limits of the insurance policy between Halstead and Allstate. Allstate also asserts that the Court erred in finding that (5) plaintiff made a clear and unambiguous demand on defendant or Allstate to settle her claim within the limits of the policy; (6) defendant demanded that Allstate pay the limits of the insurance policy to settle plaintiff's claim against defendant; (7) Allstate did not offer to settle plaintiff's claim against defendant for policy limits; and (8) Allstate acted in bad faith when it determined that there was no coverage under the insurance policy. In reaching its factual findings and conclusions of law, the Court considered and rejected Allstate's allegations of error numbers 5 through 8. Allstate has offered no grounds for reconsideration of these issues, and they are not a proper basis for reconsideration. See Van Skiver, 952 F.2d at 1243 (reconsideration not appropriate if movant only wants Court to revisit issues already addressed).

3

> have gone a step farther and have held that a judgment creditor may proceed by garnishment against a tortfeasor's insurer for the unpaid balance of the judgment which is in excess of the policy limits where the insurer refused to settle within policy limits by virtue of negligence or bad faith. Id. at 443. The Kansas courts have found that such claim sounds in contract and is subject to garnishment even though unliquidated. Id. (citing Gilley v. Farmer, 207 Kan. 536, 485 P.2d 1284 (1971) and Bollinger v. Nuss, 202 Kan. 326, 449 P.2d 502, 508 (1969) (in garnishment proceeding injured party steps into shoes of insured party and Court analyzes claim as if insured party was bringing claim)).

Memorandum And Order (Doc. #70) filed February 28, 2007, at 4-5. Based on this language, plaintiff argues that "the law of the case is clear, that under the Kansas garnishment statute and the case law thereunder (K.S.A. § 60-701 et seq.) the Kansas procedure does not require a Missouri assignment." Plaintiff's Response To Allstate Insurance Company's Motion For Reconsideration And/Or New Trial ("Plaintiff's Response") (Doc #115) at 3.

Both parties based their summary judgment arguments exclusively on Kansas law, and the Court applied Kansas law without addressing any choice of laws issue. At trial, however, Allstate argued that Missouri substantive law applied. The Court noted that the pretrial order included Allstate's assertion that Missouri law applies, and took the choice of laws question under advisement. In ruling on Allstate's motion for judgment as a matter of law, the Court found that Missouri substantive law applies to plaintiff's claim. The Court addressed the choice-of-laws argument as follows:

> As a preliminary matter, Allstate asserts that Missouri law applies to plaintiff's claims, while plaintiff argues that Kansas law applies. Both Kansas and Missouri recognize a cause of action by an insured against his insurance company if it acts in bad faith in defending and settling claims against the insured. See Bollinger v. Nuss, 202 Kan. 326, 332-333, 449 P.2d 502, 507-08 (1969); Ganaway v. Shelter Mut. Ins. Co., 795 S.W.2d 554, 556 (Mo. Ct. App. 1990). In certain circumstances, the insurance company may be held liable to its insured under this theory, for a judgment which exceeds the insured's policy limits. In Kansas, the insurance company can be held liable not only for acting in bad faith, but also for acting negligently. Spencer v. Aetna Life & Cas. Ins. Co., 227 Kan. 914, 922, 611 P.2d 149, 155 (1980). In

4

contrast, Missouri requires proof that the insurer acted in bad faith. Ganaway, 795 S.W.2d at 556.

Because this case is before the Court on diversity of citizenship, Kansas choice of laws rules determine which state's substantive law applies. Mirville v. Allstate Indem. Co., 71 F. Supp.2d 1103, 1107 (D. Kan. 1999) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). When addressing choice-of-law issues, the Kansas appellate courts follow the Restatement (First) of Conflict of Laws (1934). See Layne Christensen Co. v. Zurich Canada, 30 Kan. App.2d 128, 142, 38 P.3d 757, 766 (2002). The Restatement (First) contains two general principles for contracts cases. The primary rule, lex loci contractus, calls for the application of the law of the state where the contract is made. Wilkinson v. Shoney's, Inc., 269 Kan. 194, 209-10, 4 P.3d 1149 (2000); Restatement (First) of Conflict of Laws § 332 (1934). The second rule provides that the law of the place of performance determines the manner and method as well as the legality of the acts required for performance. Aselco Inc. v. Hartford Ins. Group, 28 Kan. App.2d 839, 848, 21 P.3d 1011, 1018 (2001); Restatement (First) of Conflict of Laws § 358. In Aselco, the Kansas Court of Appeals found that where an insurance company's performance of its duty to defend would have taken place in Kansas, Kansas law governed that claim. Aselco, 28 Kan. App.2d at 848, 21 P.3d at 1018 (applying performance rule on duty to defend issue and lex loci contractus to contract interpretation issue). In this case, Allstate's duty to defend took place in Missouri, where the accident occurred and plaintiff filed the underlying lawsuit. Therefore the Court applies Missouri law.

Memorandum And Order (Doc. #102) filed July 23, 2007.

The Court then applied Missouri law and found that plaintiff had proven all four elements of a bad faith refusal to settle claim. Defendant did not, however, argue that Missouri law bars plaintiff's garnishment suit because Halstead had not assigned to plaintiff his bad faith action against Allstate. Therefore the Court did not examine this issue. Because Allstate now argues clear error, however, the Court addresses this issue.

Allstate asserts that it did not owe plaintiff a duty of good faith in settling her claim against Halstead. Rather, Allstate argues that it owed the duty of good faith to Halstead, the insured driver. Landie v. Century Indem. Co., 390 S.W.2d 558, 563 (Mo. Ct. App. 1965) (company which acted in bad faith in refusing to settle within policy limits can be liable in tort *to the insured* for the entire

5

resulting judgment against insured, including portion in excess of policy limits); see Zumwalt v. Utils. Ins. Co., 228 S.W.2d 750, 755-56 (Mo. 1950) (Missouri does not recognize contract action to recover the portion of judgment which exceeds limits of underlying liability policy).  Allstate then points out that plaintiff has not alleged or shown that Halstead assigned his tort claim to her. Allstate argues that under Missouri law, without such an assignment, plaintiff cannot recover for bad faith failure to settle.  See Ganaway, 795 S.W.2d at 564; Freeman v. Basso, 128 S.W.3d 138, 143 (Mo. App. 2004) (noting that bad faith refusal to settle claims are assignable); see also Tate v. State Farm Fire & Cas. Co., No. 05-5124, 2006 WL 3313937, at * 2-3 (W.D. Mo. Nov. 14, 2006) (under Missouri law, plaintiffs may not recover amount in excess of insurance policy limits under bad faith theory, if plaintiffs are not insured or assignees of insured).  But see Quick v. Nat'l Auto Credit, 65 F.3d 741, 746 (8th Cir. 1995) (finding such claims to be non-assignable).  Further, Allstate asserts that under Missouri law, even if Halstead assigned his claim to plaintiff, plaintiff as a garnishee can recover only up to the limits of the liability coverage.  See Linder v. Hawkeye-Security Ins. Co., 472 S.W.2d 412, 414-15 (Mo. 1971) (analyzing equitable garnishments under Missouri law); State ex rel Gov't Employees Ins. Co. v. Lasky, 454 S.W.2d 942, 950 (Mo. Ct. App. 1970) (analyzing traditional garnishment actions).  Because Allstate has already paid the limits of the liability coverage, it argues that any further recovery is barred.

Plaintiff points out that Kansas courts have held that a judgment creditor may proceed by garnishment against a tortfeasor's insurer for the unpaid balance of the judgment which is in excess of the policy limits where the insurer refused to settle within policy limits by virtue of negligence or bad faith.  Farmco, 9 Kan. App.2d at 515-16, 684 P.2d at 443 (under Kansas law, such claim sounds in contract and is subject to garnishment even though unliquidated); see Bollinger v. Nuss,

202 Kan. 326, 449 P.2d 502, 508 (1969) (in garnishment proceeding injured party steps into shoes of insured party and Court analyzes claim as if insured party was bringing claim). Plaintiff argues that under the law of the case, Kansas garnishment law applies and does not require an assignment.

As noted above, the Court has never ruled whether Missouri law which requires assignment of a bad faith claim and which limits recovery to the limits of the insurance policy is substantive or procedural. Plaintiff simply characterizes garnishment as a Kansas statutory remedy, and states that "the local law of Kansas should determine the method by which the Missouri judgment is enforced." Plaintiff's Response (Doc. #115) at 2. Plaintiff seeks to do more than enforce a Missouri judgment, however, she asks the Court to determine that Allstate is liable under Missouri law for bad faith failure to settle.

As the Court found in ruling on the motion for judgment, Kansas appellate courts follow the Restatement (First) of Conflict of Laws (1934). See Layne Christensen Co., 30 Kan. App.2d at 142, 38 P.3d at 766. According to the Restatement, "[t]he law of the place of wrong may impose the doing of a particular act or the happening of a certain event as a condition without the satisfaction of which there is not liability." Restatement (First) of Conflicts § 381. Under Missouri law, assignment of the claim to a third party is a mandatory condition of recovery. Thus, it appears that this requirement is substantive and is governed by Missouri law. Cf. Smith v. Strongbuilt, Inc., 393 F. Supp. 2d 1254, 1256-57 (W.D. Okla. 2005) (whether third party claimant has direct action against tortfeasor's insurer is substantive – as opposed to procedural or remedial – question for choice-of-law analysis). The Court therefore finds that under the law of Missouri, because plaintiff is not the assignee of the insured, she cannot recover an amount in excess of the insurance policy limits under a "bad faith" theory.

**IT IS THEREFORE ORDERED** that <u>Garnishee Allstate Insurance Company's Motion For Reconsideration, Or For New Trial</u> (Doc. #105) filed August 2, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the <u>Judgment For Plaintiff</u> entered July 23, 2007, be and hereby is **VACATED**.  The Clerk is directed to enter judgement for Allstate.

Dated this 23rd day of October, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge