IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELBY MOSES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2488-KHV |
| CHRIS HALSTEAD, ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| and ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| **Garnishee.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion For Attorney Fees And Costs, And Order Of The Court For Related Relief For Timely Filing And Approval (Doc. #123) filed March 21, 2008. For reasons set forth below, the Court finds that the motion should be overruled.

## Procedural History

Plaintiff Shelby Moses sustained injuries when Chris Halstead wrecked a car insured by Allstate Insurance Company. On November 20, 1997, Allstate rejected plaintiff's offer to settle her claims against Halstead for the policy limits of $25,000 plus other conditions. Plaintiff then sued Halstead in the Circuit Court of Buchanan County, Missouri, and received a jury verdict of $100,000. In partial satisfaction of the judgment, Allstate paid plaintiff the policy limits of $25,000. Plaintiff registered her judgment in the District Court of Atchison County, Kansas, and requested an order of garnishment, alleging that in refusing to accept her offer to settle for policy limits, Allstate had negligently and in bad faith breached its duty to Halstead, its insured. Allstate removed

the action to this Court on November 18, 2005. After a bench trial, the Court overruled Allstate's motion for judgment as a matter of law and entered judgment for plaintiff. See Memorandum And Order (Doc. #102) filed July 23, 2007. Allstate filed a motion for reconsideration or for new trial. On October 23, 2007, the Court sustained Allstate's motion, vacated the judgment for plaintiff and entered judgment for Allstate. See Doc. #118. On November 6, 2007, plaintiff filed a motion to alter or amend the judgment. See Doc. #120. On March 7, 2008, the Court overruled plaintiff's motion. See Doc. #122, filed March 7, 2008.

## Analysis

Plaintiff seeks attorney's fees under Kan. Stat. Ann. §§ 40-256 and 60-721(a)(5). Section 40-256 provides in part as follows:

> [I]n all actions hereafter commenced, in which judgment is rendered against any insurance company . . . on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs[.]

Section 60-721(a)(5) provides in part as follows:

> Upon determination of the issues, either by admissions in the answer or reply, or by default, or by findings of the court on controverted issues, judgment shall be entered fixing the rights and liabilities of all the parties in the garnishment proceedings and . . . the court may award the garnishee judgment against the party controverting such answer damages for his or her expenses, including reasonable attorney[']s fees, necessarily incurred in substantiating the same.

As the language of each statute makes clear, an insured is not entitled to attorney's fees unless the Court enters judgment against the insurer. Here, the Court entered judgment against plaintiff and in favor of Allstate. Plaintiff therefore is not entitled to attorney's fees.

Plaintiff also asks the Court to rule on her motion for attorney's fees on or before April 1,

2008, and not to extend the time for appeal under Rule 4(a)(4)(A)(iii), Fed. Rule App. P.[1]  See Plaintiff's Motion (Doc. #123) at 4-5; cf. Robinson v. City of Harvey, 489 F.3d 864, 869 (7th Cir. 2007) (district court may delay merits appeal until it resolves fee issues in interests of efficiency). The Court has ruled on plaintiff's motion for attorney's fees as expeditiously as possible, but it has not met the time-line which plaintiff requested.  Plaintiff has now filed a notice of appeal.  Plaintiff's requests – that the Court rule on her motion for attorney's fees by April 1, 2008 and that the Court not extend the time for appeal – are therefore moot.[2]

---

[1]  Rule 4(a)(4)(A), Fed. R. App. P., sets out six categories of post-trial motions that can extend the deadline for filing a notice of appeal until their resolution, including "a motion for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58."  Rule Rule 58(c)(2), Fed. R. Civ. P., provides as follows:

> When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

See Searles v. Dechant, 393 F. 3d 1126, 1129 n.5 (10th Cir. 2004) (timely motion for new trial or to alter or amend judgment under Rule 59 extends time for filing notice of appeal of judgment until entry of order disposing of motion).  Plaintiff states that although "[u]nder the rules, the Court has discretion to extend the time for appeal, we request the Court to not extend the time, as the Court reversed and vacated its original judgment in favor of the Plaintiff, and the Plaintiff makes this motion to preserve the attorney['s] fees issue and costs issue."  Plaintiff's Motion (Doc. #123) at 1. In its response, Allstate acquiesces to plaintiff's request that the Court not order that plaintiff's motion for attorney's fees extends the time to appeal.

[2]  The Court notes that plaintiff may file an amended notice of appeal or may ask the Tenth Circuit to consolidate appeals.  See Robinson, 489 F.3d at 869 (where litigant files separate notices of appeal on the merits and on fees, appellate court can consolidate appeals).

3

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Attorney Fees And Costs, And Order Of The Court For Related Relief For Timely Filing And Approval (Doc. #123) filed March 21, 2008 be and hereby is **OVERRULED**.

Dated this 7th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge